**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

IN RE:

| | | |
|---|---|---|
| ROBERT R. DEMAURO and JEAN M. DEMAURO | : | CASE NO.: 14-32312 (JAM) |
| Debtors. | : | CHAPTER 7 |
| GEORGE ROUMELIOTIS, CHAPTER 7 TRUSTEE | : | ADV. PRO NO.: 15-03011 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| JOHNSON & WALES UNIVERSITY | : | AUGUST 12, 2015 |
| Debtor. | | |

<u>**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**</u>

**I.      Introduction**

This is a fraudulent transfer action pursuant to 11 U.S.C. § 548(a)(1)(B) and Conn. Gen. Stat. § 52-552e(a)(2) and Conn. Gen. Stat. § 52-552f(a) made applicable by 11 U.S.C. § 544(b)(1) by which the Trustee seeks to recover, pursuant to 11 U.S.C. § 550(a), $46,909 in transfers made by the Debtors at a time when the Debtors were insolvent, had unreasonably small capital or were not able to pay their debts as they became due.  Defendant has moved to dismiss this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b)(6) and Fed. R. Civ. P. 12(b)(6) claiming that the Trustee's Complaint fails to state a claim upon which

1

relief may be granted.  For procedural and substantive reasons, Defendant's

motion should be denied.

## II.      Factual Background

On December 18, 2014, Robert R. DeMauro and Jean M. DeMauro filed a

Petition for relief under Chapter 7 of the United States Bankruptcy Court.

Complaint ¶ 3, II. George Roumeliotis is the duly appointed Chapter 7 Trustee for

the Debtors' Estate.  Complaint ¶ 4.  The Debtors are the parents of Alyson F.

DeMauro who was at all relevant times, at least 18 years of age.  Complaint ¶ 5.

During the period from March 2011 through March 2013, Alyson

DeMauro was a student at Johnson & Wales University, a Rhode Island non-

profit corporation with its principal place of business in Providence, Rhode

Island.  Complaint ¶¶ 2, 6.  From March 2011 through March 2013, the Debtors

were insolvent and/or unable to pay their debts as they became due.  Complaint ¶¶

7, 9.  On the following dates, the Debtors made a series of transfers (the

"Transfers") to Defendant Johnson & Wales to pay for the tuition and other

expenses of Alyson DeMauro;

| DATE | AMOUNT |
|------|--------|
| March 15, 2011 | $ 5,850.00 |
| September 13, 2011 | $ 2,535.00 |
| December 5, 2011 | $ 2,397.00 |
| December 6, 2011 | $ 4,932.00 |
| March 13, 2012 | $ 4,933.00 |

|  |  |
|---|---|
| September 11, 2012 | $  8,754.00 |
| December 4, 2012 | $  8,754.00 |
| March 12, 2013 | $  8,754.00 |
|  | $ 46,909.00 |

The Debtors received no economic consideration for the transfers.  Complaint ¶ 23.[1]

## III.    Standard of Review

In reviewing a motion to dismiss, the Court "must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief."  Moultrie v. Carver Found, 2015 U.S. Dist. LEXIS 95109*2 (D. Conn. 2015) citing Mirabilio v. Reg'l School District 16, 761 F.3d 212, 213 (2d Cir. 2014).  In evaluating motions to dismiss, the standard to be applied to actions brought by bankruptcy trustees is more lenient.  Sarachek v. Jaffe, 2013 Bankr. LEXIS 1279 *10 (N.D. Iowa 2013); Friedman v. Am. Capital, Ltd., 2013 Bankr. LEXIS 4072 * 7-8 (Bankr. D. Md. 2013).

In ruling on a motion to dismiss, the Court may not consider matters outside the pleadings unless the Court converts the motion to a motion for summary judgment, Fed. R. Civ. P. 12(d); Fed R. Bank. P. 7012(d).  If the Court wishes to consider matters outside the pleadings, the Court must give notice to the

---

[1] These are the facts as set forth in the Complaint, which are the only facts properly before the Court.  Defendant has alleged in its Motion to Dismiss, that all of the Transfers were the proceeds of Parent Plus Loans from the United States Department of Education.  While this information is not properly before the Court, the Trustee will address Defendant's arguments as the facts set forth in the Motion to Dismiss were true.

parties before converting the motion to dismiss to a motion for summary

judgment. Fed R. Civ. P. 12(d); <u>Saku v. Union Carbide Corp.</u>, 548 F.3d 59, 67

(2d Cir. 2008). Nevertheless, the Court has broad discretion in determining

whether to convert a motion to dismiss into a motion for summary judgment.

<u>Williams v. Black Enter't TV</u>, 2014 U.S. Dist. LEXIS 19097*24-25 (E.D.N.Y.

2014). In its motion, Defendant has included declarations and documentary

evidence not included in the pleadings in which Defendant asserts that the

transfers in question were direct transfers from the United States Department of

Education to the Defendant. The Court should not consider these documents or

declarations unless the Court converts the motion to one for summary judgment

upon notice to all parties.[2] <u>Id</u>.

In this case, the Court should either refuse to consider matters outside the

pleadings or order conversion of Defendant's Motion to one for summary

judgment upon Defendant's full compliance with the District of Connecticut's

local rules.

---

[2] Defendant's motion has also failed to comply with several requirements of the local rules of the
District Court. First, pursuant to D. Conn. L. Civ. R. 7(a), the Defendant should have submitted a
memorandum of law in support of its motion. Second, to the extent that Defendant wished its
motion to be considered as a summary judgment motion, pursuant to D. Conn. L.Civ. R. 56(a)(1),
Defendant should have submitted a Local Rule 56(a)(1) Statement. Failure to file such a
statement is grounds for denial of the motion. <u>Cerrilli v. Rell</u>, 2010 U. S. Dist. LEXIS 99358* 10-
11 (D. Conn. 2010).

## IV.   Argument

### A.   The Transfers Were Of An Interest In Property Of The Debtor

In its Motion to Dismiss, Defendant claims that the Transfers were not transfers of an interest of the Debtor in property as defined in 11 U.S.C. § 548(a)(1) or of "an asset or an interest in an asset" as defined in Conn. Gen. Stat. § 52-552b(12).  Defendant asserts that because the Transfers were direct transfers from the United States Department of Education to Defendant of funds that were restricted pursuant to federal law and regulation, the Transfers were not transfers of an interest of the Debtor in property or transfers of an asset or interest in an asset of the Debtor.  As discussed below, the Defendant's argument, while possessing surface appeal, is ultimately meritless.

11 U.S.C. § 548(a)(1) permits the Trustee to avoid the transfer of an interest of the debtor in property.  Similarly, pursuant to 11 U.S.C. § 544(b)(1), the Connecticut Uniform Fraudulent Transfer Act, permits the Trustee to recover transfers of an asset or of an interest in an asset.  Connecticut Law Conn. Gen. Stat. § 52-552b(12).  In the absence of federal law to the contrary in determining whether a particular asset is property of the debtor, the Bankruptcy Court must look to the relevant state law, in this case, Connecticut.  Barnhill v. Johnson, 503 U.S. 393, 398 (1992); Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., 609 F.3d 111, 117 (2d Cir. 2010).  Defendant maintains that USDOE rules and regulations determine whether the transfers are transfers of the Debtor's interest

in property for purposes of 11 USC § 548(a)(1) or of an asset pursuant to Conn. Gen. Stat. § 52-552b(2). This logic is flawed. As the United States Court of Appeals for the Second Circuit has determined, even in matters involving the tax code or the Federal Debt Collection Procedures Act, the question of whether an asset is property of the Estate is generally governed by state law. Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., 609 F.2d at 117. Indeed, in questions of property law that are traditionally reserved to the states, courts will ordinarily presume against federal preemption, Franks Inv.Co., LLC v. Union Pacific R.R. Co., 593 F.3d 404, 407 (5th Cir. 2010) (en banc). Here, as is the case of the tax code and the Federal Collection Procedures Act, the relevant federal statutes and regulations do not govern whether the loan proceeds are property of the Debtor, they are merely factors for the Court to consider in interpreting the relevant state law. While the relevant statutes and regulations limit Parent Plus loans to be used for educational purposes, 20 U.S.C. § 1078-2(a), 34 C.F.R. 685, 201(c), they do not determine whether the loan proceeds are property of the Debtors. This question is reserved, as it has always been, to the law of the relevant state, Connecticut.

Connecticut courts have never determined whether the proceeds of Parent Plus Loans are property in which the Debtor has an interest. Accordingly, this Court must try to determine, as a matter of Connecticut law, whether the proceeds

of Parent Plus loans are, under these circumstances, property in which the Debtor

had an interest.[3]

Unfortunately, the Connecticut courts have never been called upon to

determine whether the Debtor has an interest in PLUS Loan proceeds.

Nevertheless, common sense and common law principles dictate that the Debtor

had an interest in the funds that were the subject of the Transfers.

First, the Debtor is liable as the sole maker on the Master Promissory Note

("MPN").  The Debtor Robert DeMauro is not a guarantor or co-maker; he is the

sole obligor.  It would defy all logic to argue, as Johnston & Wales now does, that

the Debtor would be the sole obligor on a note for funds in which it he never had

an interest.  As will be discussed more thoroughly in the earmarking context,

where, as here, there is a direct transfer to a third party for which the debtor is

liable and results in an increase in the debtor's liabilities, without a commensurate

increase in the debtor's assets, there is clearly a transfer of the debtor's interest in

property, even if the funds in question transferred through an escrow.  Bash v.

Sun Trust Banks, Inc., 2007 Bankr. LEXIS 133 (6th Cir. B.A.P. 2007) aff'd, 2008

U.S. App. LEXIS 17100 (6th Cir. 2008).

---

[3] Defendant argues that 11 U.S.C. § 541(b) governs the question as to whether the Transfers were of property of the Debtor because it does not include any power that the Debtor may exercise solely for the benefit of an entity other than the Debtor.  This provision refers to powers of appointment.  See Legislative Statement to 11 U.S.C. § 541(b).  It does not refer to transfers such as the ones in question.

If Robert DeMauro never had an interest in the Transfers, there would be no basis upon which to impose liability upon him pursuant to the MPN.  Indeed, the MPN itself refers to "each loan that I receive."  The Borrowers Rights and Responsibilities Statement to the MPN also indicates "Direct PLUS loans are loans made… to parents of dependant undergraduate students."  Since the loan in question under the MPN in question is made solely to the Debtor Robert DeMauro, it would defy all common sense to find that he lacks in interest in the transferred funds

Second, Johnson & Wales' own Declaration demonstrates that the transferred funds were not as limited as Johnson & Wales now claims.  As shown in the Declaration of Lynn Robinson at ¶ 9, $3,679 was returned to the Debtor for use in payment of Alyson DeMauro's housing costs.  By Johnson & Wales' own admission, the Debtor was free to transfer the $3,679 to pay for his child's off-campus housing.  Moreover, the Master Promissory Note ("MPN") permits use of the transferred funds beyond tuition, room and board.  Pursuant to the MPN's terms, the transferred funds could also be used for: books, supplies, equipment, dependent child care expenses, transportation, community expenses and for purchase or rental of a personal computer.  Thus, the transferred funds were not totally restricted.

In any event, restricted assets have often been found to be assets of a bankrupty estate.  For example, liquor permits have almost universally been found

8

to be assets of the Estate, even though they require state approval to transfer.  In Re: Barnes, 276 F.3d 927 (7th Cir. 2001); In Re: Nejberger, 934 F.2d 1300 (3d Cir. 1991).  Indeed, the Code itself makes clear that an interest of the Debtor in property becomes property of the Estate notwithstanding non-bankruptcy law restricting its transfer.  11 U.S.C. § 541(c)(1).  For this reason, licenses and other property subject to transfer restriction remain property of the Estate.

**B.       Congressional Intent Also Supports The Trustee's Position.**

Defendant argues that a harmonized reading of federal law and regulations establishes that the Transfers were not property of the Estate.  This is not the case.  In BAPCPA, 109 P.C., 8, § 225, Congress specifically exempted as property of the estate certain funds put in Education IRAs or 529 plans, but did not exempt the proceeds of parent PLUS Loans.  11 U.S.C. § 541(b)(5) and (6).  The Court must presume that Congress made this choice knowingly.  Patterson v. Shunote, 504 U.S. 753, 762 (1992).  Here, by specifically amending § 541 in 2005 to exclude certain payments to Education IRAs and 529 plans, Congress demonstrated its concern to protect certain types of payments from the reach of the Trustee.  By failing to include the proceeds of parent PLUS loans in this amendment, Congress demonstrated its intent that these proceeds remain available for the Trustee to recover.  Moreover, as discussed above, 11 U.S.C. § 541(c)(1) refutes the Defendant's argument.

9

### C.      The Defendant's Earmarking Defense Is Without Merit

The Defendant argues that even if the Transfers were of property of the

Estate, that it is still protected by the "earmarking" defense.  Defendant is

incorrect.  The "earmarking" defense is a defense that applies in certain limited

circumstances where a third party provides funds to the Debtor for the express

purpose of paying a particular creditor.  <u>Cadle Co. v. Mangan</u>, 503 F.3d 171, 184

(2d Cir. 2006).  In an earmarking situation, the new creditor simply replaces the

old creditor.  <u>Id.</u>  The earmarking doctrine has one critical limitation.  It does not

apply to transactions which diminish the Debtor's estate.  <u>Id.</u>  Here, as a result of

the parent PLUS loans, the Debtor has incurred almost $50,000 in new debt.

Accordingly, the earmarking doctrine does not apply.  <u>See</u> <u>also</u>, <u>Bash v. Sun Trust</u>

<u>Banks</u>, <u>supra.</u> (6th Circuit BAP finds that earmarking does not apply to a

transaction in which the Debtor's liabilities increase without a commensurate

increase in assets.  The 6th Circuit vacates this finding as unnecessary, but does

not reject its reasoning).

### D.      The "Escrow Defense" Does Not Apply

The Defendant argues that this situation should be considered analogous to

a situation in which the Debtor held funds in escrow for a third party because of

the restrictions placed upon the funds.  This argument fails because, in an escrow

context, the Debtor would not only have no interest in the funds, he would have

no liability for them either.  Here, the Debtor is the borrower and the Debtor is

liable to the USDOE for the funds transferred.

Defendant also argues that since the PLUS loan proceeds could not be

garnished, that they are not properly property of the Estate.  As discussed earlier,

the Courts have consistently rejected this argument in the context of liquor

permits.  In Re: Circle 10 Rest., 519 B.R. 95, 129 (Bankr. D.N.J. 2014).

### E.     The Trustee Acknowledges That The Payment Outside The Two Year Window Should Be Dismissed From the First Count

The Defendant argues that the December 4, 2012 transfer should not be in

the First Count because it is outside the two year period permitted under 11

U.S.C. § 548(a).  The Trustee acknowledges that the Defendant is correct with

respect to this transfer.

### V.     Conclusion

The Defendant's motion is not a proper motion to dismiss because it relies

upon material outside of the Complaint.  For this reason alone, it should be

dismissed.  To the extent that the Court decides to convert it to a summary

judgment motion, the Court should issue the appropriate notice and should require

the Defendant to comply with the Local Rules.

Even if the Motion were proper, it should be denied.  Defendant's

principal argument, that the funds transferred were not funds in which the Estate

had an interest is directly contradicted by 11 U.S.C. § 541(c).  Moreover, this

11

argument flies in the face of common sense.  If the Debtor had no interest in the

proceeds of the Parent Plus loans, he would not have liability for them.  Indeed,

the MPN lists the Debtor as the only borrower.  For similar reasons, Defendant's

earmarking and escrow arguments do not apply.  In earmarking and escrow

situations, the Debtor's liabilities do not increase.  For these reasons and the

reasons set forth above, the Court should deny the Defendant's Motion to

Dismiss.

GEORGE ROUMELIOTIS, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF ROBERT R. DEMAURO
AND JEAN M. DEMAURO


By:      /s/ *Jeffrey Hellman*
         Jeffrey Hellman (ct04102)
         Law Offices of Jeffrey Hellman, LLC
         195 Church Street, 10th Floor
         New Haven, CT 06510
         203-691-8762
         jeff@jeffhellmanlaw.com