**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ROBERT R. DEMAURO AND<br>JEAN M. DEMAURO,<br><br>Debtors | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Chapter 7<br><br>Case No. 14-32312 (JAM) |
| GEORGE I. ROUMELIOTIS,<br><br>Plaintiff<br><br>v.<br><br>JOHNSON & WALES UNIVERSITY,<br><br>Defendant. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Adv. Pro. No. 15-03011 (JAM)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF JOHNSON & WALES UNIVERSITY
TO COMPLAINT TO AVOID TRANSFERS AND DEMAND FOR JURY TRIAL**

Johnson & Wales University ("**Johnson & Wales**"), by and through its undersigned attorneys, hereby answers the Complaint [Docket No. 1] which has been filed by the plaintiff in this adversary proceeding, George I. Roumeliotis, Chapter 7 Trustee (the "**Plaintiff**"); and Johnson & Wales, by and through its undersigned attorneys, hereby sets forth affirmative defenses to the Complaint; in each case as follows:

1. On information and belief, Johnson & Wales admits the allegations contained in paragraph 1 of the Complaint.

2. On information and belief, Johnson & Wales admits the allegations contained in paragraph 2 of the Complaint.

3. On information and belief, Johnson & Wales admits the allegations contained in paragraph 3 of the Complaint.

4. On information and belief, Johnson & Wales admits that George Roumeliotis was appointed Chapter 7 Trustee for the above-referenced Debtors' estate. Apart from such admission, paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 4 of the Complaint contains any other allegations to which a further response is required, Johnson & Wales denies such allegations.

### **Factual Background**

5. On information and belief, Johnson & Wales admits the allegations contained in paragraph 5 of the Complaint.

6. On information and belief, Johnson & Wales admits the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint. To the extent paragraph 7 contains any allegations to which a response is required, Johnson & Wales denies such allegations.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint. To the extent paragraph 8 contains any allegations to which a response is required, Johnson & Wales denies such allegations.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is

required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint. To the extent paragraph 9 contains any allegations to which a response is required, Johnson & Wales denies such allegations.

10. Paragraph 10 of the Complaint purports to characterize the Plaintiff's claims, and, therefore, no response is required. To the extent that paragraph 10 of the Complaint contains any allegations to which a response is required, Johnson & Wales denies such allegations.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 11 of the Complaint contains any allegations to which a response is required, Johnson & Wales admits that, subject to 28 U.S.C. § 157(d) and (e), the Court has jurisdiction over the First and Second Claims for Relief in the Complaint. Johnson & Wales reserves its rights regarding withdrawal of the reference, its right to withhold consent from any jury trial being conducted by the Court, and its rights to contest jurisdiction as to any other matters raised in this adversary proceeding to date or in the future.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 12 of the Complaint contains any allegations to which a response is required, Johnson & Wales admits that the First and Second Claims for Relief in the Complaint are core proceedings pursuant to 28 U.S.C. § 157(b)(2). Johnson & Wales reserves its rights regarding withdrawal of the reference, its right to withhold consent from any jury trial being conducted by the Court, and its rights to contest whether any other matters raised, to date or in the future, in this adversary proceeding are core proceedings.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Johnson & Wales admits the allegations

contained in paragraph 13 of the Complaint as to the First and Second Claims for Relief in the Complaint. Johnson & Wales reserves its rights regarding withdrawal of the reference, its right to withhold consent from any jury trial being conducted by the Court, and its rights to contest venue as to any other matters raised in this adversary proceeding to date or in the future.

### First Claim For Relief

14. On information and belief, Johnson & Wales admits that it received the following payments directly from the United States Department of Education ("**USDOE**"):

|     | *Payment Date*    | *Payment Amount* |
|-----|-------------------|------------------|
| (a) | December 4, 2012  | $8,754.00        |
| (b) | March 12, 2013    | $8,754.00        |

Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 14 of the Complaint contains any allegations to which a response is required, apart from the admission contained in the first sentence of this paragraph 14, Johnson & Wales denies such allegations.

15. Since there is no paragraph 15 of the Complaint, no response is required.

16. On information and belief, Johnson & Wales admits that it received the following payment directly from the USDOE on or within two years of the date that the Debtors filed for bankruptcy:

|     | *Payment Date*  | *Payment Amount* |
|-----|-----------------|------------------|
| (a) | March 12, 2013  | $8,754.00        |

Johnson & Wales denies that it received any other payments on or within two years of the date that the Debtors filed for bankruptcy, and Plaintiff' First Claim for Relief has already been partially dismissed on this basis.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 17 of the Complaint contains any allegations to which a response is required, Johnson & Wales denies such allegations.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint. To the extent that paragraph 18 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint. To the extent that paragraph 19 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint. To the extent that paragraph 20 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 21 of the Complaint contains any allegations to which a response is required, Johnson & Wales denies such allegations.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 22 of the Complaint contains any allegations to which a

response is required, Johnson & Wales denies such allegations.

## Second Claim For Relief

23. On information and belief, Johnson & Wales admits that it received the following payments directly from the USDOE:

|     | *Payment Date*     | *Payment Amount* |
|-----|--------------------|------------------|
| (a) | March 15, 2011     | $5,850.00        |
| (b) | September 13, 2011 | $2,535.00        |
| (c) | December 5, 2011   | $2,397.00        |
| (d) | December 6, 2011   | $4,932.00        |
| (e) | March 13, 2012     | $4,933.00        |
| (f) | September 11, 2012 | $8,754.00        |
| (g) | December 4, 2012   | $8,754.00        |
| (h) | March 12, 2013     | $8,754.00        |

(the "**Payments**"). Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 23 of the Complaint contains any allegations to which a response is required, apart from the admission contained in the first sentence of this paragraph 23, Johnson & Wales denies such allegations.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 24 of the Complaint contains any allegations to which a response is required, Johnson & Wales denies such allegations.

25. Paragraph 25 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint. To the extent that

paragraph 25 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint. To the extent that paragraph 26 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Complaint. To the extent that paragraph 27 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 28 of the Complaint contains any allegations to which a further response is required, Johnson & Wales denies such allegations.

29. Paragraph 29 of the Complaint contains conclusions of law to which no response is required, and, in any event, Johnson & Wales has insufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint. To the extent that paragraph 29 of the Complaint contains allegations to which a response is required, Johnson & Wales denies such allegations.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 30 of the Complaint contains any allegations to which a further response is required, Johnson & Wales denies such allegations.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 31 of the Complaint contains any allegations to which a further response is required, Johnson & Wales denies such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

32. The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Not Property of the Debtors)

33. The Payments (or any other transfers) were not transfers of property or assets of the Debtors or of interests of the Debtors in property or assets.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith and for Value)

34. Johnson & Wales received the Payments (or any other transfers) for value and in good faith, and has a lien on or may retain the Payments (or transfers) to the extent of such value, including, without limitation, as set forth in 11 U.S.C. § 548(c).

### FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

35. The Debtors and/or other persons or entities were unjustly enriched as a result of the transactions related to the Payments (or transfers), and/or the Plaintiff and the Debtors' estates would be unjustly enriched as a result of any avoidance and/or recovery of the Payments (or transfers).

### FIFTH AFFIRMATIVE DEFENSE
### (No Benefit to Estate; 11 U.S.C. § 550(a))

36. The relief requested by the Plaintiff may not be granted if the Plaintiff proposes to use monies recovered in this action to pay or otherwise benefit any of the Debtors' creditors or

other persons or entities with interests in the Debtors' estate, because such monies are restricted from such use by applicable law, regulations, and contract, including, without limitation, the Higher Education Act of 1965 statute, as amended, 20 U.S.C. §§ 1001 *et seq.* and 34 C.F.R. § 682 *et seq.*

### SIXTH AFFIRMATIVE DEFENSE
### (Pre-emption; Conflict with Other Federal Law)

37. The relief requested by the Plaintiff may not be granted because it, and the law that is alleged to permit it, is pre-empted by and conflicts with other federal law, including, without limitation, the Higher Education Act of 1965 statute, as amended, 20 U.S.C. §§ 1001 *et seq.* and 34 C.F.R. § 682 *et seq.*

### SEVENTH AFFIRMATIVE DEFENSE
### (Defenses Available Under 11 U.S.C. § 550 (b), (d), and (e))

38. The Plaintiff's claims are barred by the defenses available under 11 U.S.C. § 550(b) because to the extent Johnson & Wales received the Payments (or any other transfers), Johnson & Wales was a transferee for value, in good faith and without knowledge of the voidability of the Payments (or transfers) or was an immediate or mediate good faith transferee of the applicable transferee. The Plaintiff's claims are barred by 11 U.S.C. § 550(d) because the Plaintiff is entitled to only a single satisfaction on account of the Payments (or transfers). To the extent, if any, that the Plaintiff may recover the Payments (or transfers) from Johnson & Wales, Johnson & Wales is a good faith transferee with a lien on such transfers recovered to secure the items described in 11 U.S.C. § 550(e)(1)(A) and (B).

### EIGHTH AFFIRMATIVE DEFENSE
### (No Prejudgment Interest)

39. To the extent the Plaintiff's claim for interest includes a claim for prejudgment interest, such claim is not supported by applicable law, and equitable factors, such as the parties'

original intent regarding the Payments (or any other transfers), weigh in Johnson & Wales's favor in this matter and militate against an award to the Plaintiff of pre-judgment interest.

### NINTH AFFIRMATIVE DEFENSE
**(No Basis for Costs)**

40. The Plaintiff fails to assert any contractual, statutory and/or common law basis for any recovery of its costs.

### TENTH AFFIRMATIVE DEFENSE
**(Additional Defenses and/or Counterclaims)**

41. Johnson & Wales reserves all of its rights to assert additional defenses and/or counterclaims that become known to Johnson & Wales through further investigation or discovery or otherwise.

### GENERAL STATEMENTS

42. To the extent that any allegations in the Complaint or other aspects of the Complaint were not responded to fully above, such allegations and aspects are expressly denied by Johnson & Wales.

43. The assertion of affirmative defenses herein by Johnson & Wales is not intended to, and does not, alter or shift any burden of proof that the Plaintiff may have in connection with its claims.

**WHEREFORE,** Johnson & Wales requests that the Court (1) enter judgment in favor of Johnson & Wales and against the Plaintiff on all claims asserted by the Plaintiff, (2) dismiss the Complaint in its entirety and dismiss each and all of the claims therein, (3) award Johnson & Wales its costs and attorneys' fees incurred in its defense; and (4) grant such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Johnson & Wales requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 9015, of any issues that may be tried to a jury. Johnson & Wales does not consent to, and expressly withholds its consent in respect of, the conduct of a jury trial in this Court.

Dated: December 16, 2015                **JOHNSON & WALES UNIVERSITY**
                                        By its attorneys,

                                        /s/Irve J. Goldman_____
                                        Irve J. Goldman, Esq. (CT02404)
                                        Pullman & Comley, LLC
                                        850 Main Street, P.O. Box 7006
                                        Bridgeport, CT  06601-7006
                                        (203) 330-2000
                                        igoldman@pullcom.com

                                        and

                                        George W. Shuster, Jr., Esq.
                                        WilmerHale
                                        60 State Street
                                        Boston, MA  02109
                                        (617) 526-6000
                                        george.shuster@wilmerhale.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 16, 2015 the foregoing Answer and Affirmative Defenses of Johnson & Wales University to Complaint to Avoid Transfers and Demand for Jury Trial was served on all parties as follows by operation of the Court's electronic notification system:

| | | |
|---|---|---|
| **Jeffrey Hellman**<br>Law Offices of Jeffrey Hellman, LLC<br>195 Church Street<br>10th Floor<br>New Haven, CT 06510<br>203-691-8762<br>203-823-4401 (fax)<br>jeff@jeffhellmanlaw.com<br> *Assigned: 04/09/2015*<br> *LEAD ATTORNEY* | representing | **George I. Roumeliotis**<br>Roumeliotis Law Group, P.C.<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>860-249-7124<br>888-851-4304 (fax)<br>george@roumeliotislaw.com<br>*(Plaintiff)* |
| **Sharyn B. Zuch**<br>Wiggin & Dana, LLP<br>20 Church Street<br>Hartford, CT 06103<br>(860) 297-3700<br>(860) 525-9380 (fax)<br>szuch@wiggin.com<br> *Assigned: 09/10/2015* | representing | **Association of Independent Colleges & Universities of Rhode Island**<br>50 Park Road West<br>Suite 100<br>Providence, RI 02903<br>*(Amicus)*<br><br>**Association of Independent Colleges and Universities of Massachusetts**<br>11 Beacon Street<br>Suite 1224<br>Boston, MA 02108<br>*(Amicus)*<br><br>**Connecticut Conference of Independent Colleges**<br>21 Talcott Notch Road<br>Suite 1<br>Farmington, CT 06032<br>*(Amicus)* |

/s/Irve J. Goldman
Irve J. Goldman, Esq. (CT02404)